# manatt

**Brian Turoff**
Manatt, Phelps & Phillips, LLP
Direct Dial: (212) 704-1983
E-mail: BTuroff@manatt.com

March 22, 2019

**VIA ECF**
Honorable Pamela K. Chen
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y. 11201

    Re:    Lopez, et al. v. Pronto Pizza, et al.
            *Index no. 1:18-cv-05639*

Dear Judge Chen:

    We are counsel to defendants in the above-referenced matter, Pronto Pizza 02 LLC (d/b/a Pronto Pizza), Pronto Pizza 03 LLC (d/b/a Pronto Pizza), Kash Miftari, Dashnor Dash Miftari, and Besnik Stevie Miftari (collectively, "Defendants"). We write pursuant to Your Honor's Individual Practices to request a pre-motion conference prior to filing a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

    In this case, Plaintiffs Jose de Jesus Roque Lopez and Bonifacio Bartolo Justo (collectively, "Plaintiffs") allege that *all* Defendants have violated the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") by failing to (1) pay minimum wage (Counts I and III); (2) pay overtime (Counts II and IV); (3) pay "spread of hours" (Count V); (4) provide certain notices and wage statements (Counts VI and VII); and (5) reimburse Plaintiffs for purchasing "tools of the trade" (Count VIII).

    As explained below, the claims against defendants Dashnor Dash Miftari ("Dash Miftari"), and Besnik Stevie Miftari ("Stevie Miftari") must be dismissed because Plaintiffs have failed to plausibly allege that either of these individuals is an "employer" under the FLSA or NYLL. Further, Count VIII must be dismissed against as all Defendants, because Plaintiffs have failed to allege a plausible claim for unreimbursed "tools of the trade."

## All Claims Against the Individual Defendants Must Be Dismissed

    Only an employer may be held liable for FLSA and NYLL violations. *Coley v. Vannguard Urban Imp. Ass'n, Inc.*, 2014 WL 4793825, at *2 & n.5 (E.D.N.Y. Sept. 24, 2014) (Chen, J.). To determine whether an individual is an "employer" under the FLSA and NYLL, the Court considers the "economic realities" of the relationship, evaluating whether the alleged employer "(1) had the power to hire and fire employees, (2) supervised and controlled employee

# manatt

Honorable Pamela K. Chen
March 22, 2019
Page 2

work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id*. at * 3.

However, it is well-settled that merely alleging these factors in a conclusory manner does not plausibly allege "employer" status. *See, e.g., Shi Ming Chen v. Hunan Manor Enter., Inc.*, 2018 WL 1166626, at *8 (S.D.N.Y. Feb. 15, 2018) (dismissing individual claims under NYLL and FLSA where plaintiff alleged the individual "(1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records," because "[t]his mere boilerplate recitation of the *Carter* factors is plainly insufficient 'to raise plaintiffs' right to relief above a speculative level with respect to that individual's liability as an employer'") (citation omitted). Further, conclusory allegations that an individual defendant is an "owner" of the business where a plaintiff worked do not state a claim for individual liability. *See, e.g., Coley*, 2014 WL 4793825, at *3 ("'Evidence that an individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function, is insufficient to demonstrate 'employer' status.'").

Here, Plaintiffs allege in boilerplate fashion that the economic realities factors are satisfied as to each of the individual defendants (Am. Compl. ¶ 41; *see also id.* 11-13, 31-33), and that each is an "owner" of the restaurants where Plaintiffs allegedly worked. (*Id.* ¶ 3, 35-37.)[1] This is plainly insufficient, particularly after Plaintiffs have already had an opportunity to amend their Complaint.

In their Amended Complaint, Plaintiffs have added a handful of allegations specific to each of the individual defendants, which do little more than parrot the above-noted factors (*id*. ¶¶ 4-10). These allegations further demonstrate why defendants Dash and Stevie Miftari should be dismissed.[2] For instance, with respect to Dash Miftari, Plaintiffs allege only that he went to the businesses two to three times per week "and issued orders to Plaintiffs regarding which tasks to perform and how to perform them." (Am. Compl. ¶ 10.) Read generously, even after amending their Complaint, Plaintiffs are able to allege with respect to Dash Miftari just one of the economic realities factors (controlling conditions of employment), the reasonable implication being that none of the other factors apply to him. (Otherwise, Plaintiff would have included

---

[1] To the extent that Plaintiffs are attempting to assert individual liability based on a corporate "veil piercing" theory (*see* Am. Compl. ¶ 40), Plaintiff's allegation that "on information and belief" the Individual Defendants operated the defendant corporations as "alter egos," coupled with a conclusory recitation of some (though not all) factors related to piercing the corporate veil, fails to state a plausible veil-piercing claim under Fed. R. Civ. P. 12(b)(6). *See In re S. African Apartheid Litig.*, 617 F. Supp. 2d 228, 274 (S.D.N.Y. 2009) (dismissing veil-piercing claim where the plaintiff "failed to allege any of the ten factors ordinarily applied to an alter ego inquiry in more than a conclusory manner").

[2] Although Defendants are not seeking dismissal of Kash Miftari under Rule 12(b)(6), discovery will prove that he is also not an "employer" under the FLSA and NYLL, and should ultimately be dismissed from this case.

# manatt

Honorable Pamela K. Chen
March 22, 2019
Page 3

those allegations in their Amended Complaint.)  Such allegations fail to state a claim against Dash Miftari.  *See, e.g., Jian Ping Lin v. Monda Window & Door Sys., Inc.*, 2018 WL 4403384, at *4 (E.D.N.Y. Aug. 7, 2018) (plaintiff who alleged that only one of the economic realities factors was met (i.e., the defendant terminated plaintiff's employment) failed to state a claim for individual liability under the FLSA and NYLL), *report and recommendation adopted*, 2018 WL 4388450 (E.D.N.Y. Sept. 14, 2018).  Plaintiffs' "new" allegations are similarly thin with respect to Stevie Miftari, and likewise fail to state a claim for "employer" liability against this defendant.  (*See* Am. Compl. ¶¶ 6-9).

Accordingly, because Plaintiffs have failed to plausibly allege that Dash Miftari and Stevie Miftari were their "employer" under the FLSA and NYLL, all claims against them should be dismissed.

**Count VIII (Reimbursement for "Tools of the Trade") Must be Dismissed**

In Count VIII, Plaintiffs allege that Defendants "required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and 'tools of the trade' required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL below the minimum wages and overtime rates."  (Am. Compl. ¶134.)  However, the Complaint does not allege that Plaintiff Bartolo was required to purchase (or did purchase) *any* item for his job.  Count VIII must therefore be dismissed as to this Plaintiff.

With respect to Plaintiff Roque, the Complaint alleges only that he was required to purchase "six shirts, eight pairs of pants, thirty pairs of shoes, and thirty hats."  (*Id*. ¶ 64.)  However, under both the FLSA and NYLL, "ordinary wardrobe items" are not considered "tools of the trade," *Cocoletzi v. Fat Sal's Pizza II, Corp*., 2019 WL 92456, at *7 (S.D.N.Y. Jan. 3, 2019), and courts routinely dismiss tools-of-the-trade claims premised on similar allegations.  *See, e.g, Hernandez v. Spring Rest Grp., LLC*, 2018 WL 3962832, at *4 (S.D.N.Y. Aug. 17, 2018) (dismissing tools-of-the-trade claim where plaintiffs alleged he was required to purchase "5 pairs of pants and 5 shirts per year" but did not detail whether these items "consist of ordinary wardrobe items . . . or specially-made clothing items" or "how much the purchase and maintenance of their uniforms cost them or how these costs relate to their weekly wage'").

We thank the Court for its time and attention to this matter.

Respectfully submitted,

*/s/  Brian S. Turoff*

Brian Turoff