# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 2020  
New York, New York 10165  
_____

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

April 1, 2019

**VIA ECF**  
Honorable Pamela K. Chen  
U.S. District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, N.Y. 11201

Re: Lopez, et al. v. Pronto Pizza, et al.  
*Index no. 1:18-cv-05639*

Your Honor,

I am counsel to Plaintiff in the above-referenced matter. I write in opposition to Defendants' letter seeking a pre-motion conference to file a motion to dismiss (ECF # 24). Defendants' argument is frivolous and should be rejected. Pursuant to Fed. R. Civ. P. 8(a)(2), a complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss under Rule 12(b)(6), however, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" Cruz v. Rose Associates, LLC, No. 13 Civ. 0112 (JPO), 2013 U.S. Dist. LEXIS 49755, 2013 WL 1387018, at *1 (S.D.N.Y. Apr. 5, 2013) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

When "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the claim possesses facial plausibility. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); *see also* ATSI Comm., Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (plaintiff must plead "the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level'" (*quoting* Twombly, 550 U.S. at 546)). While Iqbal and Twombly necessitate plausibility,

they do not create a "heightened standard that requires a complaint to include specific evidence, factual allegations in addition to those required by Rule 8…." Arista Records LLC v. Doe, 604 F.3d 110, 110 (2d Cir. 2010). Moreover, plausibility is not akin to probability, but is instead a lesser burden. *See* Twombly, 550 U.S. at 556.

On a motion to dismiss, courts are required to accept as true all of the factual allegations contained in the complaint, drawing all inferences in the light most favorable to the non-moving party. In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007). "While a complaint need not contain detailed factual allegations, it requires more than an unadorned, the defendant-unlawfully harmed- me accusation." Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y., 631 F.3d 57, 63 (2d Cir. 2011) (internal quotation marks and citation omitted). Thus, "on a motion to dismiss, the relevant inquiry is whether a defendant has been put 'on notice of the theory of employer liability.'" Perez v. Westchester Foreign Autos, Inc., No. 11-cv-6091 (ER), 2013 US Dist LEXIS 35808, at *21 (S.D.N.Y. Feb. 28, 2013) (*quoting* Addison v. Reitman Blacktop, Inc., 283 F.R.D. 74, 84 (E.D.N.Y. 2011)).

Here, Plaintiffs have sufficiently claimed that Defendants Dashnor Dash Miftari ("Dash Miftari"), and Besnik Stevie Miftari ("Stevie Miftari") were their employers; further, their claim for unreimbursed "tools of the trade" is viable. The Amended Complaint contains specific allegations of fact more than sufficient for Plaintiffs to meet their burden. Therefore, Defendants' request for a pre-motion conference should be denied.

Plaintiff thanks the Court for its time and attention.

Respectfully submitted,

/s/Paul B. Hershan
Paul B. Hershan

April 1, 2019
Page 3

                                        MICHAEL FAILLACE & ASSOCIATES, P.C.
                                        Attorneys for the Plaintiffs