# manatt

Brian Turoff
Manatt, Phelps & Phillips, LLP
Direct Dial: (212) 704-1983
E-mail: BTuroff@manatt.com

April 15, 2019

**VIA ECF**
Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y. 11201

>       Re:     **Lopez, et al. v. Pronto Pizza, et al.**
>               *Case No.: 1:18-cv-05639*

Dear Judge Chen:

Pursuant to this Court's April 1, 2019 Order, Defendants Pronto Pizza 02 LLC (d/b/a Pronto Pizza), Pronto Pizza 03 LLC (d/b/a Pronto Pizza), Kash Miftari, Dashnor Dash Miftari, and Besnik Stevie Miftari (collectively, "Defendants"), respectfully submit this letter in connection with their motion to dismiss certain claims by Plaintiffs Jose de Jesus Roque Lopez and Bonifacio Bartolo Justo (collectively, "Plaintiffs").[1]

In their Amended Complaint, Plaintiffs allege that *all* Defendants have violated the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") by failing to (1) pay minimum wage (Counts I and III); (2) pay overtime (Counts II and IV); (3) pay "spread of hours" (Count V); (4) provide certain notices and wage statements (Counts VI and VII); and (5) reimburse Plaintiffs for purchasing "tools of the trade" (Count VIII). As explained below and in prior submissions, however, the claims against defendants Dashnor Dash Miftari ("Dash Miftari") and Besnik Stevie Miftari ("Stevie Miftari") must be dismissed because Plaintiffs have failed to plausibly allege that either of these individuals is an "employer" under the FLSA or NYLL. Further, Count VIII must be dismissed as to all Defendants because Plaintiffs have failed to allege a plausible claim for unreimbursed "tools of the trade."

**Legal Standard**

To survive a Rule 12(b)(6) motion to dismiss, "the plaintiff must provide the grounds upon which [its] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, the complaint must allege "'enough facts to state a claim to relief that is plausible on its face.'" *Starr v. Sony*

---

[1] As the Court is aware, the April 1, 2019 Order construed Defendants' March 22 letter requesting a pre-motion conference as a motion to dismiss, and allowed Defendants to submit by April 15 a five-page letter supplementing that motion.

*BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court does not, however, credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." *Id*. "If the court can infer no more than 'the mere possibility of misconduct' from the factual averments—in other words, if the well-pleaded allegations of the complaint have not 'nudged claims across the line from conceivable to plausible,' dismissal is appropriate." *Apolinar v. R.J. 49 REST., LLC*, No. 15-CV-8655 (KBF), 2016 WL 2903278, at *2 (S.D.N.Y. May 18, 2016) (*quoting Twombly*, 550 U.S. at 570).

**All Claims Against Dash and Stevie Miftari Must Be Dismissed**

Only an employer may be held liable for FLSA and NYLL violations. *Coley v. Vannguard Urban Imp. Ass'n, Inc.*, 2014 WL 4793825, at *2 & n.5 (E.D.N.Y. Sept. 24, 2014) (Chen, J.). To determine whether an individual is an "employer" under the FLSA and NYLL, the Court considers the "economic realities" of the relationship, evaluating whether the alleged employer "(1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id*. at * 3.

Plaintiffs' original Complaint contained only the following utterly conclusory allegations regarding the "employer" status of Dash Miftari, Stevie Miftari, and Kash Miftari (collectively, the "Individual Defendants"), which they then repeat in the Amended Complaint:

- Each Individual Defendant "serve[s] or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurants as a joint or unified enterprise. (Compl. ¶ 3; *see also* Am. Compl.¶ 3.)

- Each "possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations," and "determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees." (Compl. ¶¶ 21-23, 25; *see also* Am. Compl. at ¶¶ 31-33, 35).)

- Each "possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein." (Compl. ¶ 27; *see also* Am. Compl. at ¶ 37.)

Plaintiffs then lumped together all "Defendants" in various other allegations, and assert that "Defendants" failed to pay them minimum wage, overtime, etc. (*See, e.g.,* Compl. ¶¶ 79-89; *see also, e.g.,* Am. Compl. ¶¶ 89-99.)

As Defendants explained in their February 1, 2019 letter seeking a pre-motion conference to dismiss the original Complaint, courts routinely dismiss FLSA and NYLL claims against individuals based on conclusory pleadings of this sort. As the courts repeatedly hold, merely reciting the "economic realities" factors does not plausibly allege "employer" status. *See, e.g., Shi Ming Chen v. Hunan Manor Enter., Inc.*, 2018 WL 1166626, at *8 (S.D.N.Y. Feb. 15, 2018) (dismissing individual claims under NYLL and FLSA where plaintiff alleged the individual "(1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records," because "[t]his mere boilerplate recitation of the *Carter* factors is plainly insufficient 'to raise plaintiffs' right to relief above a speculative level with respect to that individual's liability as an employer'") (citation omitted); *Apolinar*, 2016 WL 2903278, at *5 (dismissing individual liability claim under FLSA and NYLL where plaintiff alleged individual "'is in charge of all areas of the Toasties deli enterprise, including the hiring and termination of workers, determining the rates of pay, work schedule (including work hours and work days), type of work assigned, designated work load and employment policy,'" because these "conclusory allegations—which merely plead the presence of the factors relevant to whether an individual is a joint employer—are insufficient to plausibly show that [the individual defendant] was their employer").

Moreover, mere assertions of corporate ownership and control like those set forth in the Complaint also do not suffice to plausibly plead individual liability. *See, e.g., Coley*, 2014 WL 4793825, at *3 ("'Evidence that an individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function, is insufficient to demonstrate 'employer' status.'"). And "lumping together" all "Defendants" in various allegations, without additional facts showing *how* the Individual Defendants controlled the Plaintiffs' work, will not state an individual liability claim. *Chen*, 2018 WL 1166626, at *9 (S.D.N.Y. Feb. 15, 2018) (holding that "lumping all . . . Defendants together" into one allegation without any accompanying facts suggesting employer status "is insufficient to satisfy the *Twombly/Iqbal* pleading standard").

Recognizing these fatal deficiencies, rather than respond to Defendants' pre-motion letter, Plaintiffs filed an Amended Complaint. But the Amended Complaint *repeated* these exact conclusory allegations about the Individual Defendants (*see* Am. Compl. ¶¶ 3, 11-13, 31-33, 35-37, 41)—allegations that, as explained above, count for nothing under Rule 12(b)(6). Further, while the Amended Complaint adds a handful of allegations regarding each specific Individual Defendant, these allegations do little more than parrot the above-noted factors (*see id.* ¶¶ 4-10).

These allegations further demonstrate why defendants Dash and Stevie Miftari should be dismissed.[2]

For instance, with respect to Dash Miftari, Plaintiffs allege only that he went to Pronto Pizza locations two to three times per week "and issued orders to Plaintiffs regarding which tasks to perform and how to perform them." (Am. Compl. ¶ 10.) Read generously, even after amending their Complaint, Plaintiffs are able to allege with respect to Dash Miftari just *one* of the economic realities factors (controlling conditions of employment), the reasonable implication being that none of the other factors apply to him. As courts have held, merely alleging a single economic-reality factor fails to plausibly allege individual liability. *See MacIntyre v. Moore*, 267 F. Supp. 3d 480, 484 (W.D.N.Y. 2017) (plaintiff who alleged that only one of the economic realities factors was met (i.e., the defendant terminated plaintiff's employment) failed to state a claim for individual liability under the FLSA and NYLL). *Cf. Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, No. 11 CIV. 6366 PAC, 2012 WL 3886555, at *12 (S.D.N.Y. Sept. 6, 2012) ("'The individual sought to be held liable cannot be just any employee with some supervisory control over other employees and must be instrumental in causing the corporation to violate the FLSA.'") (citation omitted), *vacated on other grounds*, No. 12-4128 (July 21, 2014). Plaintiffs' "new" allegations are similarly thin with respect to Stevie Miftari, and likewise fail to state a claim for "employer" liability against this defendant. (*See* Am. Compl. ¶¶ 6-9).

Thus, even with their "second bite at the apple," Plaintiffs cannot plausibly allege that Dash and Stevie Miftari were their "employer" under the FLSA and NYLL. Accordingly, all claims against them should be dismissed.[3]

**Count VIII (Reimbursement for "Tools of the Trade") Must be Dismissed**

In Count VIII, Plaintiffs allege that Defendants "required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL." (Compl. ¶124.) But the Complaint does not allege that Plaintiff Justo was required to purchase (or did purchase) <u>any</u> item for his job. Count VIII must therefore be dismissed as to this Plaintiff.

---

[2] Although Defendants are not seeking dismissal of Kash Miftari under Rule 12(b)(6), discovery will prove that he is also not an "employer" under the FLSA and NYLL, and should ultimately be dismissed from this case.

[3] To the extent Plaintiffs are attempting to assert individual liability based on a corporate "veil piercing" theory (*see* Am. Compl. ¶ 40), Plaintiff's allegation that "on information and belief" the Individual Defendants operated the defendant corporations as "alter egos," a coupled with a conclusory recitation of some (though not all) factors related to piercing the corporate veil, fails to state a plausible veil-piercing claim under Fed. R. Civ. P. 12(b)(6). *See In re S. African Apartheid Litig.*, 617 F. Supp. 2d 228, 274 (S.D.N.Y. 2009) (dismissing veil-piercing claim where the plaintiff "failed to allege any of the ten factors ordinarily applied to an alter ego inquiry in more than a conclusory manner").

  With respect to Plaintiff Roque, the Complaint alleges only that he was required to purchase "six shirts, eight pairs of pants, thirty pairs of shoes, and thirty hats." (*Id*. ¶ 54.) However, under both the FLSA and NYLL, "ordinary wardrobe items" are not considered "tools of the trade," *Cocoletzi v. Fat Sal's Pizza II, Corp*., 2019 WL 92456, at *7 (S.D.N.Y. Jan. 3, 2019), and courts routinely dismiss tools-of-the-trade claims premised on similar allegations. *See, e.g, Hernandez v. Spring Rest Grp., LLC*, 2018 WL 3962832, at *4 (S.D.N.Y. Aug. 17, 2018) (dismissing tools-of-the-trade claim where plaintiffs alleged he was required to purchase "5 pairs of pants and 5 shirts per year" but did not detail whether these items "consist of ordinary wardrobe items . . . or specially-made clothing items" or "how much the purchase and maintenance of their uniforms cost them or how these costs relate to their weekly wage'"). Count VIII must therefore be dismissed as to this Plaintiff, as well.

  We thank the Court for its time and attention to this matter.

            Respectfully submitted,

            */s/ Brian Turoff*

            Brian Turoff