# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 2020　　　　　　　　　　　　　　　　　　　　　　　Telephone: (212) 317-1200
New York, New York 10165　　　　　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 317-1620
_____

April 18, 2019

**VIA ECF**
Honorable Pamela K. Chen
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y. 11201

Re: Lopez, et al. v. Pronto Pizza, et al.
*Index no. 1:18-cv-05639*

Your Honor,

    I am counsel to Plaintiffs in the above-referenced matter. I write in opposition to Defendants' letter in support of Defendants' Motion to Dismiss the Amended Complaint (ECF # 26). Pursuant to Fed. R. Civ. P. 8(a)(2), a complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss under Rule 12(b)(6), however, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Cruz v. Rose Associates*, LLC, No. 13 Civ. 0112 (JPO), 2013 U.S. Dist. LEXIS 49755, 2013 WL 1387018, at *1 (S.D.N.Y. Apr. 5, 2013) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

    When "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the claim possesses facial plausibility. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also ATSI Comm., Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (plaintiff must plead "the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level'" (*quoting Twombly*, 550 U.S. at 546)). While *Iqbal* and *Twombly* necessitate plausibility,

they do not create a "heightened standard that requires a complaint to include specific evidence, factual allegations in addition to those required by Rule 8…." *Arista Records LLC v. Doe*, 604 F.3d 110, 110 (2d Cir. 2010). Moreover, plausibility is not akin to probability, but is instead a lesser burden. *See* Twombly, 550 U.S. at 556.

On a motion to dismiss, courts are required to accept as true all of the factual allegations contained in the complaint, drawing all inferences in the light most favorable to the non-moving party. *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007). "While a complaint need not contain detailed factual allegations, it requires more than an unadorned, the defendant-unlawfully harmed- me accusation." *Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (internal quotation marks and citation omitted). Thus, "on a motion to dismiss, the relevant inquiry is whether a defendant has been put 'on notice of the theory of employer liability.'" *Perez v. Westchester Foreign Autos, Inc.*, No. 11-cv-6091 (ER), 2013 US Dist LEXIS 35808, at *21 (S.D.N.Y. Feb. 28, 2013) (*quoting Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74, 84 (E.D.N.Y. 2011)).

Plaintiffs have met their burden here to plausibly allege that Defendants Dash Miftari and Besnik Stevie Miftari were their employers; they have also sufficiently alleged unreimbursed "tools of the trade" violations of the FLSA and NYLL.

In support of their argument that Plaintiffs failed to raise plausible claims against Defendants Dash and Stevie Miftari, Defendants rely primarily on two cases, one from the EDNY and the other from the SDNY. Both cases are fundamentally inapposite here. The EDNY case cited, *Coley v. Vannguard Urban Imp. Ass'n, Inc.*, 2014 WL 4793825, (E.D.N.Y. Sept. 24, 2014) (Chen, J.), as Your Honor well knows, involved FLSA and NYLL claims against

a board member of a corporation. There, Your Honor held that "it is presumed that a board member is not concerned with, or involved in, the day-to-day operations of an organization, and thus will not be deemed an employer for purposes of the FLSA, absent adequate allegations or evidence concerning the employer's functional control of employees." *Coley* at *17-18. Here, Plaintiffs do not bring claims against a board member not involved in the day-to-day operation of an organization, but owners of two pizzerias intimately involved in the day-to-day operation of the businesses.

Plaintiffs alleged that Defendants Dash and Stevie Miftari are owners and operators of two pizzerias in Staten Island. Specifically, they allege that Defendant Stevie Miftari hired them, set their pay rates, routinely issued orders to them during work hours, and that Defendant Dash Miftari was within the pizzerias two to three times per week where he represented himself as an owner and issues orders to Plaintiffs during work hours. Each of these two Defendants also had the power to fire and discipline the Plaintiffs.

As to the SDNY case cited to support Defendants' argument that the claims against these two individual Defendants must be dismissed, *Shi Ming Chen v. Hunan Manor Enter., Inc.*, 2018 WL 1166626, (S.D.N.Y. Feb. 15, 2018), the facts there are also easily distinguishable from the matter at bar. There, six plaintiffs sued seventeen individual defendants spanning four restaurants, and three individual Defendants moved to dismiss. One of these three moving Defendants was one of the four restaurants, where it was alleged only that one of the six Plaintiffs worked there for a period of three days; as to the other two moving Defendants, the only allegations pertinent to them copied the economic realities factors and stated only that one of these two defendants was known as the "Lady Boss." *See Chen.* Here, in addition to the allegations cited above, Plaintiff Roque was employed by Defendants for approximately ten

April 18, 2019
Page 4

years and Plainrtiff Bartolo was employed by Defendants for approximately eight years. Plaintiffs have not plead threadbare, conclusory claims that Courts found problematic in the cases cited by Defendants.

Defendants also incorrectly argue that with respect to Dash and Stevie Miftari, alleging a "single" economic-reality factor fails to plausibly allege individual liability. The Second Circuit has made clear that "the various factors relied upon… to examine the degree of formal control exercised over a worker… state **no rigid rule** for the identification of an FLSA employer. To the contrary, as we noted in <u>Zheng,</u> they provide a nonexclusive and overlapping set of factors to ensure that the economic realities test mandated by the Supreme Court is sufficiently comprehensive and flexible to give proper effect to the broad language of the FLSA." *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 143 (2d Cir. 2008), internal quotations and citations omitted, emphasis provided. Comprehensive application of the economic realities test in accordance with the remedial purpose of the FLSA and NYLL strongly supports the plausibility of Plaintiffs' allegations that Defendants Dash and Stevie Miftari were their employer under the FLSA and NYLL. The WDNY case cited by Defendants (which was subsequently reversed after Plaintiff amended his complaint) and the SDNY case cited by Defendants (involving corporate officers of large New York hospitals) have no application to the facts herein. The allegations in the Amended Complaint allow the Court to draw the reasonable inference that all of the individual defendants are liable for the misconduct alleged pursuant to *Iqbal.*

Finally, Defendants' argument that Plaintiff Roque's claim for tools of the trade must be dismissed should be disregarded. These were not ordinary wardrobe items that Plaintiff Roque

purchased but items that he needed to perform his duties as a cook.  The *Hernandez* case cited by Defendants is distinguishable as there, Plaintiffs alleged identical 'tools of the trade' claims whereas here, Plaintiff Roque is the only Plaintiff making 'tools of the trade' claims.  As a cook, it stands to reason that Plaintiff Roque needed to purchase particular clothes to withstand the rigors of a kitchen, and the Complaint plausibly alleges such facts pursuant to the FLSA and NYLL §§ 193 and 198-b.

Plaintiffs thank the Court for its time and attention.

Respectfully submitted,

/s/Paul B. Hershan
Paul B. Hershan
MICHAEL FAILLACE & ASSOCIATES, P.C.
Attorneys for the Plaintiffs