# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510                                         Telephone: (212) 317-1200
New York, New York 10165                                              Facsimile: (212) 317-1620

_____

cerringtonl@faillacelaw.com

March  11, 2021

**BY ECF**
Honorable Vera M. Scanlon
United States Magistrate Judge
United States Courthouse
225 Cadman Plaza East, 1214 South
Brooklyn, New York 11201

     Re:    Roque Lopez et al v. Pronto Pizza 02 LLC et al, 18-cv-5639

Your Honor:

This office represents Plaintiffs in the above referenced matter. Plaintiffs write jointly with Defendants to respectfully request that, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), the Court approve the parties' negotiated settlement ("Agreement"), attached hereto as Exhibit A, and dismiss the case with prejudice.

The terms of the Agreement provide that, in exchange for Plaintiffs discontinuing this litigation and executing a release of their wage and hour claims in favor of Defendants, Defendants shall pay the total gross amount of seventy four thousand dollars ($74,000.00) (the "Settlement Amount"), as described in the Agreement. The Agreement was reached in the course of a February 9, 2021 mediation conducted by Court-appointed mediator, Ronald Kreismann.

## 1.  Background

Plaintiffs filed this Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, spread of hours pursuant to the Hospitality Industry Wage Order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the Hospitality Wage Order), and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

Plaintiffs both contend they were employed by Defendants from October 2012 until September 2019. Throughout their employment, Plaintiffs allege that they worked overtime hours and were compensated at fixed weekly rates, which had the effect of violating minimum wage and overtime laws.

Defendants vehemently deny that Plaintiffs were paid a fixed weekly salary, and further dispute the accuracy of Plaintiffs' allegations regarding the number of days and hours that Plaintiffs' allegedly worked for Defendants. Moreover, Defendants allege that they have numerous witnesses that would support Defendants' position and substantially undermine Plaintiffs' claims.

*Certified as a minority-owned business in the State of New York*

Page 2

Defendants have also raised defenses bearing upon the legal analysis that would actually be applicable to Plaintiffs' claims.

## 2. Settlement Terms

Were they to prevail on every issue of fact, which Plaintiffs concede would be challenging given the serious factual disputes and the many defenses asserted by Defendants, Plaintiffs estimate that they would be awarded a total of $402,402.00 for the entirety of their time working for Defendants. The alleged damages are roughly equal as between the Plaintiffs.

Defendants aver that the Plaintiffs' damages chart is based on inaccurate information that grossly exaggerates the number of days and hours that Plaintiffs' worked for Defendants. By way of example only, Defendants' contend that Plaintiffs' damages chart did not account for Plaintiffs' daily bona fide meal breaks, that Plaintiffs allegedly worked fluctuating schedules and were oftentimes scheduled to work only 3 or 4 days a week, and that Plaintiffs' missed several weeks of work each year due to vacation, sick days, and unscheduled absences. Because the allegations and defenses are unsupported by records or documents on either side, Plaintiffs recognize that moving forward with this case would require a lengthy battle over these factual issues including the examination of multiple witnesses,.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Due to the many risks associated with litigating this matter, including defenses asserted by Defendants, serious factual disputes, and risks pertaining to collecting on any eventual judgment, Plaintiffs are satisfied that the Agreement represents a fair compromise.

Plaintiffs also believe that the present value of the Settlement Amount outweighs the value of potentially being awarded an undetermined amount months or years from now, after trial. Furthermore, given the profound negative impact the pandemic has had on Defendants' business and the restaurant industry generally, if Plaintiffs were to prevail at trial, Plaintiffs have legitimate concerns regarding their ability to collect on a hypothetical future judgment.

Considering the foregoing risks in this case, Plaintiffs believe that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

## 3. Plaintiff's Attorneys' Fees are Fair and Reasonable

Page 3

Under the settlement, and in accordance with his retainer agreement with the Plaintiffs, Plaintiffs' counsel will receive $24,666.67 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation, as well as a reduction in fees from what is identified in Plaintiffs' retainer agreement, which provides that forty percent of Plaintiffs' recovery will be retained by the firm.

Plaintiffs' counsel's lodestar in this case is $12,622.00.  A copy of Plaintiffs' billing record is attached as "Exhibit B."  The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit.  *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).  Additionally, Plaintiffs have agreed to the fee provided for in the Agreement.

Given Plaintiffs' counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and constructive participation in mediation. A brief biography of each Plaintiffs' attorney who performed billed work in this matter is as follows:

    i.       Michael Faillace's work is billed at the rate of $450 per hour, which is my standard billing rate for matters paid on an hourly basis.  He is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983.  From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM).  He taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. I is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.  His work is indicated by the initials "MF."

    ii.       Finn Dusenbery is a former associate at Michael Faillace & Associates, P.C. He graduated from Brooklyn Law School in 2012.  Following law school, he worked as a solo practitioner for about five years, mainly representing employees in wage and hour and discrimination cases.  Subsequently, Finn worked for a plaintiffs'-side wage and hour class

Page 4

action firm from 2018 to 2019 and then joined Michael Faillace & Associates, P.C.  His work is billed at $275 per hour and indicated by the initials "FD."

      iii.     Clela A. Errington is an associate at Michael Faillace & Associates, P.C. She is a 2012 graduate of New York University School of Law. She began her career at a series of small law firms focusing on labor and employment law, followed by several years providing litigation support to large law firms. She returned to litigation in 2019, joining the Jones Law Firm, P.C., and joined Michael Faillace & Associates in 2020. Her work is billed at the rate of $350 per hour and indicated by the initials "CE."

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

Respectfully submitted,

/s/

Clela Errington
MICHAEL FAILLACE & ASSOCIATES, P.C.
Attorneys for the Plaintiff

Enclosures