# SETTLEMENT AGREEMENT, RELEASE, AND WAIVER

This Settlement Agreement, General Release, and Waiver between Jose de Jesus Roque Lopez ("Lopez") and Bonifacio Bartolo Justo ("Bartolo") (Lopez and Bartolo, together, "Employees"), on each Employee's behalf and on behalf of each Employee's heirs, executors, administrators, successors, and assigns, in their respective capacities as such (collectively, "Releasor"), and Pronto Pizza 02 LLC and Pronto Pizza 03 LLC (Pronto Pizza 02 LLC and Pronto Pizza 03, together, "Employer"), is entered into between the foregoing parties with the following understandings:

**WHEREAS**, Employees were employed by Employer;

**WHEREAS**, Employees' employment with Employer ended, on or around September 25, 2018 (the "Separation Date");

**WHEREAS**, on or about October 9, 2018, Employees commenced an action against Employer and certain other parties (collectively, "Defendants") in the United States District Court for the Eastern District of New York (Case 1:18-CV-05639 -EK -VMS) (the "Action," and the United States District Court for the Eastern District of New York, the "Court");

**WHEREAS**, Defendants deny having engaged in any wrongdoing, violation, or unlawful activity of any kind and, in particular, deny the allegations set forth in the Action; and

**WHEREAS**, Employees and Employer (collectively, the "Parties and each, a "Party") have, either directly or through representatives, engaged in substantial negotiation and now wish fully and finally to settle any and all disputes among them, actual or potential, through a release of claims against Releasees and the other promises contained herein.

**NOW, THEREFORE**, for good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties enter into this Settlement Agreement ("Agreement"), and agree as follows:

1. <u>Recitals</u>.  The Parties acknowledge and agree that the Recitals set forth above are true and accurate and are incorporated herein by this reference.

2. <u>Separation</u>.  Consistent with the foregoing Recitals, Employees' last day of employment with Employer was the Separation Date.  Employees acknowledge that, since the Separation Date, they have had and, by further operation of this Agreement, shall have, no further job duties or responsibilities as employees of, or otherwise on behalf of, Employer.  Employees further understand and agree that, since the Separation Date, they have not been and, by further operation of this Agreement, shall not be, authorized to incur any expenses, liabilities, or obligations on behalf of Employer or, under any circumstance, act as, or represent that they have the authority to act as, agents for Employer.

3. <u>Payment</u>.

(a) Employees hereby agree that, in consideration of the promises and obligations of Employees set forth in this Agreement, including, but not limited to, the with-prejudice dismissal of the Action and the full and final release of wage and hour claims against the Releasees as set forth in Paragraph 4 below, Employees will accept, on their behalf and on behalf of Releasor, the total gross amount of seventy-four thousand dollars ($74,000.00) (the "Payment"), to be allocated as follows:

(i) Employer shall pay to Bartolo the total gross amount of twenty-four thousand six hundred sixty-six dollars and sixty-seven cents ($24,666.67), less any and all applicable taxes and withholdings, to be reported on an IRS Form W-2. This sum shall be remitted by Employer to counsel for Employees in the form of three (3) checks made payable to "Bonifacio Bartolo Justo," as set forth below.

    a. Within thirty (30) days after the Effective Date of this Agreement, Employer shall pay to Bartolo the total gross amount of eight thousand two hundred twenty-two dollars and twenty-three cents ($8,222.23), less any and all applicable taxes and withholdings, to be reported on an IRS Form W-2;

    b. Within six (6) months after the Effective Date of this Agreement, Employer shall pay to Bartolo the total gross amount of eight thousand two hundred twenty-two dollars and twenty-three cents ($8,222.23), less any and all applicable taxes and withholdings, to be reported on an IRS Form W-2; and

    c. Within twelve (12) months after the Effective Date of this Agreement, Employer shall pay to Bartolo the total gross amount of eight thousand two hundred twenty-two dollars and twenty-three cents ($8,222.23), less any and all applicable taxes and withholdings, to be reported on an IRS Form W-2.

(ii) Employer shall pay to Lopez the total gross amount of twenty-four thousand six hundred sixty-six dollars and sixty-seven cents ($24,666.67), less any and all applicable taxes and withholdings, to be reported on an IRS Form W-2,. This sum shall be remitted by Employer to counsel for Employees in the form of three (3) checks made payable to "Jose de Jesus Roque Lopez," as set forth below.

    a. Within thirty (30) days after the Effective Date of this Agreement, Employer shall pay to Lopez the total gross amount of eight thousand two hundred twenty-two dollars and twenty-three cents ($8,222.23), less any and all

        applicable taxes and withholdings, to be reported on an IRS Form W-2;

    b. Within six (6) months after the Effective Date of this Agreement, Employer shall pay to Lopez the total gross amount of eight thousand two hundred twenty-two dollars and twenty-three cents ($8,222.23), less any and all applicable taxes and withholdings, to be reported on an IRS Form W-2; and

    c. Within twelve (12) months after the Effective Date of this Agreement, Employer shall pay to Lopez the total gross amount of eight thousand two hundred twenty-two dollars and twenty-three cents ($8,222.23), less any and all applicable taxes and withholdings, to be reported on an IRS Form W-2.

    (iii)    Employer shall pay to counsel for Employees the total net amount of twenty-four thousand six hundred sixty-six dollars and sixty-seven cents ($24,666.67), to be reported on an IRS Form 1099.  This sum shall be remitted by Employer to counsel for Employees in the form of three (3) checks made payable to "Michael Faillace & Associates, P.C.," as set forth below.

    a. Within thirty (30) days after the Effective Date of this Agreement, Employer shall pay to counsel for Employees the total net amount of eight thousand twenty-two dollars and twenty-three cents ($8,222.23), to be reported on an IRS Form 1099;

    b. Within six (6) months after the Effective Date of this Agreement, Employer shall pay to counsel for Employees the total net amount of eight thousand twenty-two dollars and twenty-three cents ($8,222.23), to be reported on an IRS Form 1099; and

    c. Within twelve (12) months after the Effective Date of this Agreement, Employer shall pay to counsel for Employees the total net amount of eight thousand twenty-two dollars and twenty-three cents ($8,222.23), to be reported on an IRS Form 1099.

    (b)    In the event that any taxes are deemed due and owing with respect to any portion of the Payment reported by way of an IRS Form 1099, (i) Employees shall be jointly and severally responsible for the full payment of all such taxes, as well as any interest, penalties, and costs imposed in connection with such determination or imposed as a result of the failure to withhold any sums from the Payment, and (ii) Employees shall, individually and collectively, indemnify and hold harmless Releasees in connection with

the payment or non-payment of any taxes relating to the Payment including, but not limited to, the failure to withhold any sums from the Payment.

(c) Employees acknowledge that the Payment encompasses and satisfies in full any and all outstanding compensation of any kind which may be due to Employees, both individually and collectively, including, without limitation, hourly wages, overtime wages, spread of hours payments, commissions, bonuses, equity-related compensation, compensation for accrued or earned paid time off, compensation for accrued or earned vacation time, compensation for accrued or earned sick time, damages, and other forms or categories of compensation, whether arising under the Fair Labor Standards Act, the New York Labor Law, and/or any other federal, state, or local statutes, orders, laws, ordinances, regulations, or the like, or case law, regarding the payment of wages to employees.  As such, Employees acknowledge that the Payment constitutes payment in full in connection with, and thereby extinguishes, any of Releasor's existing or potential claims under the Fair Labor Standards Act and the New York Labor Law, including, without limitation, claims asserted in the Action and claims for all unpaid wages and compensation, retaliation, liquidated damages, and attorneys' fees.  Employees further acknowledge and agree that (i) the Payment is adequate consideration for all of the terms of this Agreement; and (ii) any monetary or other benefits other than the Payment which, prior to the execution of this Agreement, Employees may have earned or accrued or to which Employees may have been entitled, have been paid, or such payments or benefits have been released, waived, or settled by Releasor pursuant to this Agreement.

4. <u>Release and Waiver of Claims</u>.

**THIS PARAGRAPH PROVIDES A RELEASE AND WAIVER OF WAGE AND HOUR CLAIMS EMPLOYEES MAY, BOTH COLLECTIVELY AND INDIVIDUALLY, HAVE AGAINST EVERY PERSON AND ENTITY INCLUDED WITHIN THE DESCRIPTION BELOW OF "RELEASEES."  BEFORE EMPLOYEES SIGN THIS AGREEMENT, EMPLOYEES MUST READ THIS ENTIRE PARAGRAPH 4 CAREFULLY, AND MAKE SURE THAT EMPLOYEES UNDERSTAND IT FULLY.**

(a) In consideration of the Payment, Employees, both individually and collection, on each Employee's behalf and on behalf of Releasor, unconditionally release Employer, both individually and collectively, as well as, in their respective capacities as such, each of the Pronto Parties' current and former owners, principals, founders, officers, directors, partners, executives, investors, advisors, parents, affiliates, subsidiaries, related entities, interested parties, consultants, agents, managers, and employees (each, as applicable), and the heirs, executors, administrators, successors, and assigns of all of the foregoing, including, without limitation, Pronto Pizza 01 LLC, Pronto Pizza 02 LLC, Pronto Pizza 03 LLC, Pronto Pizza 04 LLC, Pronto Pizza 05 LLC, Kash Miftari, Dashnor Dash Miftari, and Besnik Stevie Miftari (collectively, "Releasees"), from or in connection with, and Employees hereby waive and/or settle, with prejudice, any and all wage and hour causes of action, suits, controversies, charges, liability, claims, or demands, known or unknown and which Employees ever had, now have, or shall or may have against Releasees

4

as of the date of Employees' execution of this Agreement, which are set forth in, or relate in any manner to any and all allegations or claims set forth in, the Action.

(b) Employees expressly understand and acknowledge that it is possible that unknown losses or claims exist or that their claims set forth in the Action may have been underestimated in amount or severity, and Employees explicitly took that into account in determining the amount of consideration to be paid for the giving of this Agreement, and a portion of said consideration and the mutual covenants were given in exchange for a full satisfaction and discharge of such wage and hour claims.

5. <u>Covenant Not to Sue</u>.

(a) Employees represent and warrant that, other than the Action, which is rendered null, void, and dismissed with prejudice upon Court approval of this Agreement, Employees have not filed or commenced, either individually or collectively, and are not otherwise a party to, any complaints, claims, actions, or proceedings of any kind against any of the Releasees with any federal, state, or local court or any administrative, regulatory, or arbitration agency or body that are in any way related to any of the claims released in Paragraph 4 hereof. Employees acknowledge that, in the event such complaints, claims, actions, or proceedings have been filed, this Agreement shall render them null, void, and dismissed with prejudice, and Employees hereby expressly waive their right to pursue them in any manner. To the fullest extent permitted by law, Employees agree not to commence, maintain, or prosecute any action or proceeding in any court, agency, or other forum against the Releasees with respect to any claims released in Paragraph 4 hereof up to and including the date on which Employees shall have executed this Agreement.

(b) Notwithstanding the foregoing provisions of this Paragraph 5, this Agreement shall not, and is not intended to, operate to preclude Employees from filing any claims before government agencies, which claims may not, under applicable law, be waived or released by way of this Agreement. However, in the event that any government agency seeks to obtain any relief on behalf of Employees with regard to any claim released and waived herein, Employees covenant not to accept, recover, or receive any monetary relief or award that may arise out of or in connection with any such proceeding.

6. <u>Return of Employer's Property</u>. Employees represent and warrant that they are not in possession of any property or equipment of any kind owned by or otherwise belonging to Employer, including, but not limited to, keys, mobile communication devices, merchandise, computer equipment, files, and documents (collectively, "Employer Property"). In the event that Employees discover that they are, in fact, in possession of any such Employer Property, Employees shall return any and all such Employer Property to Employer (as prescribed in Paragraph 11 hereof) within two (2) days after such discovery.

7. <u>Confidential Information</u>.

(a) Employees hereby acknowledge that, during Employees' employment with Employer, Employees may have acquired proprietary, private, and/or otherwise confidential information ("Confidential Information," as defined and described in this sub-

5

paragraph). Confidential Information shall mean all non-public information, whether or not created or maintained in written or electronic form, which constitutes, relates to, or refers to Releasees, any current or former employee of Releasees, any customer of Releasees, and any aspect of the operation of the business of Releasees, including without limitation, all financial and operational information. All of the foregoing are illustrative, and Confidential Information shall not be limited to those illustrations. Employees agree not to disclose Confidential Information in any form to any third party, and Employees shall give immediate notice to Employer (as directed in Paragraph 11 of this Agreement) if compelled by law to reveal any Confidential Information to any third party. Employees acknowledge and agree that any unauthorized disclosure to any person or persons of Confidential Information shall cause irreparable damage to Releasees and that, therefore, Releasees shall, in addition to any other available remedy, be entitled to an injunction prohibiting Employees from any further disclosure or attempted disclosure.

(b) Employees hereby represent and agree that, upon execution of this Agreement, Employees have returned to Employer any and all Confidential Information, whether electronic, physical, or otherwise, that Employees obtained by virtue of their employment with Employer, and Employees have not retained any copies of, and are otherwise not in possession of, any documents, records, or materials of any kind, whether written or electronically created or stored, which contain, relate to, or refer to any Confidential Information.

8. Cooperation by Employees.

Employees agree that Employees shall, individually and collectively, cooperate with, and shall be available to, Releasees to assist in any matter, including, without limitation, government agency investigations and actual or potential court litigation or arbitration, in connection with which Employees may have knowledge. If Employees receive a subpoena or process from any person or entity (including, but not limited to, any governmental agency) which would or may require Employees to disclose documents or information or provide testimony (in a deposition, court proceeding, or otherwise) regarding, in whole or in part, any Releasees or any Confidential Information, Employees shall: (i) notify Employer of the subpoena or other process within two (2) business days of receiving it (or a shorter period such that not less than one (1) business day shall remain between such notification and any deadline for response thereto); and (ii) to the maximum extent permissible under applicable law, not make any disclosure until the appropriate Releasees have had a reasonable opportunity to contest the right of the requesting person or entity to such disclosure, limit the scope or nature of such disclosure, and/or seek to participate in the proceeding or matter in which the disclosure is sought. Employees shall further cooperate with Releasees in responding to any such subpoena or process.

9. Non-Admission.

(a) Employees acknowledge and agree that Employees are not, either individually or collectively, a "prevailing party" as that term may be construed, defined, or applied under any federal, state, local, or other statute, order, law, ordinance, regulation, or the like, or under case law. Employees shall not suggest or represent to any person or

6

entity, directly or otherwise, that they are, in any manner, a "prevailing party" in connection with any claims or allegations referenced in the Action.

(b) Neither this Agreement, nor the Payment made hereunder, are intended to be, shall be construed as, or are an admission or concession by any of the Releasees of any wrongdoing or illegal or actionable acts or omissions, and each of the Releasees expressly deny that any of them engaged in any wrongdoing or illegal or actionable acts or omissions.

10. Remedies. The covenants, representations, and acknowledgments made by Releasor in this Agreement shall survive the execution of the Agreement and the delivery of the Payment. In the event that Paragraph 4 of this Agreement is determined to be void or unenforceable, in whole or in part, Releasees shall be excused and released from any obligation to provide any part of the Payment, and Releasor shall be obligated to return to Employer any part of the Payment that has been paid, less the amount of the taxes and other withholdings by which the portions of the Payment described in Paragraphs 3(a)(i) and (ii) hereof was reduced. In the event that (i) Releasor is adjudged by a court of competent jurisdiction to have made a material misstatement in any term, condition, covenant, representation, or acknowledgment in this Agreement, or (ii) Releasor is found by a court to have committed a breach of any material term, condition, or covenant in this Agreement, Releasor shall repay to Employer the entire Payment, less the amount of the taxes and other withholdings by which the portions of the Payment described in Paragraphs 3(a)(i) and (ii) hereof was reduced. In any of said events, each Employer further reserves the right to seek any and all remedies available under federal, state, local, or other law, and shall be entitled to obtain injunctive relief to prevent any further breach of the terms set forth herein.

11. Notices. Any notices or transmissions to be given hereunder by either Party to the other may be effected by (a) personal delivery in writing; (b) nationally-recognized overnight delivery service; or (c) electronic mail. Notices shall be addressed to the Parties at the following addresses:

(a) If to Employer, to:

Dashnor Miftari
[INSERT ADDRESS]
danny@prontopizzany.com

*with a copy to:*

Brian Turoff, Esq.
Manatt, Phelps & Phillips, LLP
7 Times Square Tower
24th Floor
New York, New York 10036
bturoff@manatt.com

(b) <u>If to Bartolo, to</u>:

Bonifacio Bartolo Justo
C/O Clela Errington, Esq.
Michael Faillace & Associates, P.C.
60 E 42nd St., Suite 4510
New York , NY 10165 USA
cerrington@faillacelaw.com

(c) <u>If to Lopez, to</u>:

Jose de Jesus Roque Lopez
C/O Clela Errington, Esq.
Michael Faillace & Associates, P.C.
60 E 42nd St., Suite 4510
New York , NY 10165 USA
cerrington@faillacelaw.com

Any Party hereto may, at any time, change its above-noted contact information by remitting to the other Parties hereto, seven (7) days' written notice of such new address to be used for the purpose of this Agreement.

12. <u>Entire Agreement, Amendment, and Choice of Law</u>.  This Agreement constitutes the sole and complete understanding and agreement between the Parties concerning the subject matter hereof.  Except to the extent explicitly set forth herein, this Agreement supersedes any previous agreements and/or understandings, whether formal or informal, and whether written or oral, between the Parties or between Employees and Employer regarding the subject matter hereof.  This Agreement may not be amended except in a writing signed by both Parties.  This Agreement shall in all respects be governed by and construed in accordance with the laws of the State of New York, without regard to its conflicts of laws provisions.

13. <u>Consent to Jurisdiction</u>.  Any legal suit, action or proceeding arising out of or based upon this Agreement may be instituted in the federal courts of the U.S. or the courts of the State of New York, in each case located within the State of New York, and each Party irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action, or proceeding.  Service of process, summons, notice or other document by mail to such Party's address set forth in Paragraph 11 herein shall be effective service of process for any suit, action, or other proceeding brought in any such court.  The Parties irrevocably and unconditionally waive any objection to the laying of venue of any suit, action, or any proceeding in such courts and irrevocably waive and agree not to plead or claim in any such court that any such suit, action, or proceeding brought in any such court has been brought in an inconvenient forum.

14. <u>Waiver of Jury Trial</u>.  Each Party acknowledges and agrees that any controversy which may arise under this Agreement is likely to involve complicated and difficult issues and, therefore, each such Party irrevocably and unconditionally waives any

right it may have to a trial by jury in respect of any legal action arising out of or relating to this Agreement. Each Party to this Agreement certifies and acknowledges that (i) no representative of any other Party has represented, expressly or otherwise, that such other Party would not seek to enforce the foregoing waiver in the event of a legal action; (ii) such Party has considered the implications of this waiver; (iii) such Party makes this waiver voluntarily; and (iv) such Party has been induced to enter into this Agreement by, among other things, the mutual consideration described herein.

15. <u>Successors</u>. For the avoidance of doubt, and without limiting any other provision of this Agreement, the rights, remedies, and protections afforded to Releasees hereunder, including the rights, remedies, and protections set forth in Paragraph 4 herein, shall inure to the benefit of Releasees current and former parents, subsidiaries, representatives, successors, administrators, and assigns, as applicable.

16. <u>Severability</u>. If any provision of this Agreement is declared or determined by any court to be illegal or invalid, that part shall be modified or excluded from this Agreement only to the extent required by law, but the validity of the remaining parts, terms, or provisions shall not be affected and shall continue in full force and effect.

17. <u>Counterparts</u>. This Agreement may be executed in one or more counterparts. The several executed counterparts shall be considered an original and shall be binding on the Parties. Consistent with the provisions of Paragraph 11 hereof, the Parties agree that email executed copies of this Agreement, whether executed and transmitted via DocuSign, PDF, or otherwise, shall be deemed effective and enforceable as originals.

18. <u>Employees' Acknowledgments</u>.

(a) Employees have carefully read and understand all of the terms of this Agreement, and agree and acknowledge that such terms are fair and reasonable, and are not the result of any fraud, duress, coercion, pressure, or undue influence exercised by or on behalf of Employer or anyone acting on behalf of or in concert with Employer. In particular, Employees understand the seriousness of, and consequences attendant to, breaching any term or provision of this Agreement. Employees have agreed to, and have entered into, this Agreement and all of the terms hereof, knowingly, freely, and voluntarily. In executing this Agreement, Employees are not relying on, and have not relied on, any representation or statement made by Employer or anyone acting on behalf of or in concert with Employer with regard to the subject matter, basis, or effect of the Agreement, other than as explicitly set forth herein.

(b) Employees acknowledge and agree that they were represented fairly and adequately by legal counsel of their choosing in connection with this matter and in entering into this Agreement. In particular, Employees have consulted with, and have been advised and represented by, Michael Faillace & Associates, P.C. in connection with, and prior to executing, this Agreement. Consistent with the foregoing, Employees agree and acknowledge that this Agreement and its terms are enforceable in their entirety.

(c) Employees shall have seven (7) days from the date on which they shall have been presented with a copy of this Agreement to consider whether to sign this Agreement. Employees may unilaterally waive this seven (7) day period at their election. Employees' signature on this Agreement constitutes an express waiver of the seven (7) day period if affixed prior to the expiration of that period. The Parties agree that any revisions or modifications to the Agreement, whether material or immaterial, will not restart this time period. Employees further acknowledge that the foregoing period of time is a reasonable period of time within which to consider their rights and obligations under this Agreement.

19. <u>Effective Date</u>. The Agreement shall become effective on the later of the date on which the Agreement shall have been approved by the Court and the first day on which all signatories hereto shall have duly executed the Agreement (such date, the "Effective Date").

**IN WITNESS WHEREOF**, the Parties hereto have executed this Settlement Agreement, Release, and Waiver.

**BONIFACIO BARTOLO JUSTO**

_____   Date:_____

**JOSE DE JESUS ROQUE LOPEZ**

_____   Date:_____

**PRONTO PIZZA 02 LLC**

By:_____   Date:_____

Name:_____

Title:_____

**PRONTO PIZZA 03 LLC**

By:_____   Date:_____

Name:_____

Title:_____

**KASH MIFTARI**

_____    Date:_____

**DASHNOR DASH MIFTARI**

_____    Date:_____

**BESNIK STEVIE MIFTARI**

_____    Date:_____